```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |  |
|---|---|---|
| ROBIN MARGOLIS, | : | CIVIL ACTION NO. 06-1653 (MLC) |
|  | : |  |
| Plaintiff, | : | **MEMORANDUM OPINION** |
|  | : |  |
| v. | : |  |
|  | : |  |
| WAL-MART, | : |  |
|  | : |  |
| Defendant. | : |  |

**THE COURT** having ordered the parties to show cause why the action should not be remanded to state court for untimely removal under 28 U.S.C. § ("Section") 1446 (dkt. entry no. 2); and the defendant (1) removing this action, which was brought in state court on February 10, 2006, and (2) asserting jurisdiction under Sections 1332 and 1441 (Rmv. Not., at 1-2); and it appearing that a notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading," 28 U.S.C. § 1446(b); and

**THE DEFENDANT** asserting that the "Complaint, being the original process in this case was served upon defendant on or about February 21, 2006" (Rmv. Not., at 1); and it appearing that the deadline for removal was March 23, 2006, if February 21, 2006, is the benchmark; and the defendant removing the action on April 10, 2006 (dkt. entry no. 1);[1] and thus it appearing that

---

[1] The notice of removal is dated April 4, 2006. (Rmv. Not., at 2.) However, the defendant neither filed it with, nor paid the filing fee to, the Court until April 10, 2006.

the action was not timely removed; and the Court having advised the parties of the intention to remand the action for untimely removal unless the defendant could demonstrate (1) when the defendant — as opposed to its counsel — received the complaint, and (2) that the action was removed within the aforementioned thirty-day period (dkt. entry no. 2); and

**THE DEFENDANT'S COUNSEL** now asserting that he "ha[s] spoken with [the plaintiff's counsel] and we have agreed that the Complaint should be remanded to Monmouth County Superior Court without the necessity of a Hearing" (Millet Letter received 4-18-06); and the defendant's counsel also "request[ing] that the file be returned to Monmouth County at this time" (id.); and thus the Court intending to (1) resolve the order to show cause before the return date of May 17, 2006, (2) grant the order to show cause, and (3) remand the action to state court; and for good cause appearing, the Court will issue an appropriate order and judgment.

                                                   s/ Mary L. Cooper  
                                                 **MARY L. COOPER**  
                                                 United States District Judge